UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MYRON GLADNEY,

    Plaintiff,

v.                                                  Case No. 09-C-155

J. B. VAN HOLLEN,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff Gladney, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, as well as the Declaratory Judgment Act, and alleges his civil rights were violated. Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

2

the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff was convicted of first-degree intentional homicide in 1996. In this lawsuit, he alleges that his conviction was based on an unconstitutional jury instruction relating to his defense that he committed the crime in self-defense. That jury instruction, in turn, was based on the state supreme court's decision in *State v. Camacho,* 501 N.W. 2d 380 (1993). He alleges that the state supreme court violated the separation of powers doctrine, set forth in the Wisconsin Constitution, by infringing on what should have been a legislative prerogative. In short, he asserts, the Wisconsin courts impermissibly rewrote the state homicide statute.

There are several problems with this complaint. At the outset, it is apparent that the Plaintiff is raising an issue of state, rather than federal, law. Section 1983, the civil rights statute, creates a cause of action for those who seek redress for violations of the United States Constitution, not state constitutions. 42 U.S.C. § 1983. It is unclear why the Plaintiff wishes to use federal civil rights laws to enforce a matter of the state constitution. An equally pressing problem is that the Plaintiff is seeking relief akin to a writ of habeas corpus, as opposed to relief under the civil rights statute. He asks that this court "reverse" his conviction and set him free to be retried in accordance with Wisconsin law. (Compl., p. 31.) A federal court may only order such relief in the context of habeas corpus proceedings (for instance, under 28 U.S.C. § 2254). And in such proceedings a federal court

3

cannot order a new trial until and unless the Plaintiff has first allowed the state courts an attempt at reconsidering their rulings. 28 U.S.C. § 2254(b); *Malone v. Walls,* 538 F.3d 744, 753 (7th Cir. 2008) ("a federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies prior to seeking federal habeas relief.") The Plaintiff states in his complaint that he has not begun state proceedings pertinent to the arguments he is currently making. Accordingly, even if I construed his civil rights complaint as a federal habeas action brought under 28 U.S.C. § 2254, it would not comply with the duty to exhaust state remedies.

For these reasons, the complaint is ordered **DISMISSED**.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   10th   day of March, 2009.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge